IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 15-00203-01-CR-W-DW |
| | ) | |
| TRUMAN EUGENE EDMUNDS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. No. 26). Defendant moves the Court to dismiss the indictment against him on grounds that the indictment is outside the five-year statute of limitation period. For the following reasons, Defendant's motion should be denied.

## I. BACKGROUND

On December 9, 1992, Defendant was convicted of aggravated sexual assault in Johnson County, Texas. Based upon that conviction, Defendant is required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). Defendant previously registered as a sex offender in Texas and last completed a Texas registration form in Arlington, Texas on August 29, 2008. Defendant did not register in Texas again, and after a national database search, law enforcement determined he had not registered in any other state or jurisdiction.

United States Marshals in Texas developed information that Defendant was residing in Warsaw, Missouri and in March 2015 sent a lead to the United States Marshals Service in the Western District of Missouri. On March 16, 2015, U.S. Marshals, along with deputies from the

Benton County Missouri Sheriff's Office, went to 19007 Braden Road in Warsaw, Missouri and contacted Defendant. Defendant was advised of his Miranda rights and signed a Miranda Waiver Form. Defendant indicated he was willing to speak without an attorney and told Marshals that he had been living in Warsaw, Missouri since 2009 when he had been kicked out of his residence in Texas. Defendant also stated he had never registered in Missouri.

On June 23, 2015, an one-count Indictment was returned in the Western District of Missouri charging Defendant with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The Indictment alleges that on or about July 1, 2009, and continuing through March 16, 2015, Defendant knowingly failed to register or update his registration.

On May 5, 2016, Defendant filed the instant motion to dismiss (Doc. No. 26). The government filed its response on May 13, 2016 (Doc. No. 27). The parties then filed a factual stipulation for purposes of resolving the motion (Doc. No. 31).

## II.    LEGAL ANALYSIS

Defendant maintains that the indictment should be dismissed on grounds that it was returned after the five-year statute of limitation period. Specifically, the indictment charges that Defendant traveled in interstate commerce "on or about July 1, 2009" and he was not indicted until June 23, 2015 -- nearly six years later. Defendant argues that failing to register as a sex offender is not a "continuing" SORNA violation so the statute of limitation expired on July 1, 2014.

Title 18, Section 2250(a) of the United States Code provides:

(a) In general.  – Whoever –
   (1) is required to register under the Sex Offender Registration and

> Notification Act;
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian or tribal law, or the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

SORNA requires a sex offender to register "not later than 3 business days" after a change in residence. 42 U.S.C. §16913(c). SORNA additionally requires sex offenders to keep their registration current for the full registration period. 42 U.S.C. §§ 16915, 16916.

If a sex offender does not register as required, his or her violation of SORNA continues until registration occurs or the offender is arrested. United States v. Lewis, 768 F.3d 1086, 1094 (10th Cir. 2014); United States v. Pietrantonio, 637 F.3d 865, 870 (8th Cir. 2011); United States v. Clements, 655 F.3d 1028, 1029 (9th Cir. 2011); United States v. Dixon, 551 F.3d 578, 582 (7th Cir. 2008); United States v. Mitchell, No. 2014-007, 2014 WL 1345382 at *2 (D. V.I. Apr. 4, 2014); United States v. Gillette, 553 F. Supp.2d 524, 532 n.2 (D. V.I. 2008). As explained by the Seventh Circuit,

> The Act creates a continuing offense in the sense of an offense that can be committed over a length of time. If the convicted sex offender does not register by the end of the third day after he changes his residence, he has violated the Act, and the violation continues until he does register, just as a prisoner given a two-week furlough is guilty of escape if he does not appear by the end of two weeks, and thus can be prosecuted immediately but his violation continues as long as he remains at large.

Dixon, 551 F.3d at 582. This outcome is also consistent with SORNA's ongoing duty to

register, as it makes little sense that a sex offender could evade the full registration period by failing to register within the time prescribed by the statue of limitation.

In this case, Defendant was convicted of aggravated sexual assault in Johnson County Texas on December 9, 1992. He last completed a Texas sex offender registration on August 29, 2008. In 2009, Defendant moved from Texas to Missouri and never registered as a sex offender in Missouri. Defendant was arrested on March 16, 2015. The instant indictment was returned on June 23, 2015 -- just over three months later. Because failure to register as a sex offender is a continuing offense and Defendant was indicted well inside the limitation period from the date of his arrest, Defendant's motion to dismiss should be denied.

### III.  CONCLUSION

Based on the above, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 17, 2016